# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **EDWARD C. HUGLER**, Acting Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| **KIM'S OF NOVI, INC., d/b/a KIM'S GARDEN**, a corporation, and **ROGER TAM**, an individual. | ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION NO.: 17-cv-10837

## COMPLAINT

Plaintiff, **EDWARD C. HUGLER**, Acting Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants, **KIM'S OF NOVI, INC., d/b/a KIM'S GARDEN,** a Michigan corporation, and **ROGER TAM,** individually, (hereinafter collectively referred to as "Defendants"), from violating the provisions of 29 U.S.C. §§ 206, 207, 211 and 215 of the Fair Labor Standards Act of 1938, as Amended (hereinafter "the Act"), pursuant to 29 U.S.C. § 217 of the Act; and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees together with an equal additional amount as liquidated damages, pursuant to 29 U.S.C. § 216(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the court by 29 U.S.C. §§ 216(c) and 217 of the Act and 28 U.S.C. § 1345.

**II**

(A)  Defendant, **KIM'S OF NOVI, INC., d/b/a KIM'S GARDEN** (hereinafter

**"KIM'S GARDEN"**), at all times hereinafter mentioned was a Michigan corporation which operated a restaurant in Oakland County at 26150 Novi Road, Novi, Michigan, 48376, within the jurisdiction of this Court, and at all times hereinafter mentioned, was engaged in the business of operating a restaurant.

    (B)    Defendant, **ROGER TAM**, at all times hereinafter mentioned was the manager of Defendant **KIM'S GARDEN**, and was engaged in business within Michigan at the address identified above in paragraph II(A), and acted directly or indirectly in the interest of **KIM'S GARDEN** in relation to its employees. **ROGER TAM**, an employer within the meaning of 29 U.S.C. § 203(d) of the Act, exercised operational control of restaurant, hired employees, supervised employees and determined pay practices for Defendant **KIM'S GARDEN**.

### III

Defendant, **KIM'S GARDEN,** at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r) of the Act.

### IV

Defendant, **KIM'S GARDEN,** at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) of the Act in that enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise has had an annual gross volume sales made or business done of not less than $500,000.

**V**

Defendants repeatedly and willfully violated the provisions of 29 U.S.C §§ 206 and 215(a)(2) of the Act by paying their employees wages less than $7.25 per hour in workweeks when said employees were engaged in commerce or in the production of goods for commerce, within the meaning of the Act. Defendants paid kitchen staff, such as cooks and dishwashers, a bi-weekly wage in cash. Based on the number of hours worked, the hourly rate paid to those employees was below the minimum wage rate. In addition, Defendants failed to pay five employees, Brayan Alexis Medina Contreras, Leonel Alvarado Rodriguez, Simeon Nunez Diaz, Miguel Nunez Diaz and Pablo Alvaro Encino, for the last pay period in which they worked.

**VI**

Defendants repeatedly and willfully violated the provisions of 29 U.S.C. §§ 207 and 215(a)(2) of the Act by employing employees, who in workweeks were employed in an enterprise engaged in commerce within the meaning of the Act, as aforesaid, for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Defendants paid kitchen staff, such as cooks and dishwashers, a bi-weekly wage in cash, which did not include the half time premium for hours worked over 40 hours in a workweek. Kitchen employees routinely worked, at least, 70 hours in a workweek for which they were not properly compensated.

**VII**

Defendants, who are employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of 29 U.S.C. §§ 211 and 215(a)(5) of the Act in that that they failed to make, keep, and preserve adequate and accurate records of employees and the wages,

hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. § 516, in that the Defendants did not keep any employment, time, or pay records of the employees set forth in Exhibit A.

## VIII

For the period from February 4, 2014 to February 4, 2016, Defendants repeatedly and willfully violated the aforesaid provisions of the Act as set forth above. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to former employees under the Act is expressly authorized by 29 U.S.C. § 217 of the Act.

**WHEREFORE,** cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

    A.    For an Order pursuant to 29 U.S.C. § 217 of the Act, permanently enjoining and restraining the Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them or acting in their interest and behalf, from prospectively violating the Act; and

    B.    For an Order:

        1. pursuant to 29 U.S.C. § 216(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due to Defendants' employees and/or their estates and for liquidated damages equal in amount to the unpaid compensation found due their employees and/or their estates listed in the attached Exhibit A; or, in the event liquidated damages are not awarded,

2. pursuant to 29 U.S.C. § 217, enjoining and restraining the Defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of unpaid minimum wage and overtime compensation to be due their employees and/or their estates and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C § 6621;

C. For an Order awarding Plaintiff the costs of this action; and

D. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| | |
|---|---|
| **DANIEL L. LEMISCH** <br> Acting United States Attorney <br><br> **PETER A. CAPLAN** <br> Assistant U.S. Attorney <br> 211 W. Fort Street. Ste. 2001 <br> Detroit, MI 48226 <br> P-30643 <br> peter.caplan@usdoj.gov <br> *Local Counsel* | **NICHOLAS C. GEALE** <br> Acting Solicitor of Labor <br><br> **CHRISTINE Z. HERI** <br> Regional Solicitor <br><br> /s/ Margaret A. Sewell <br> **MARGARET A. SEWELL** <br> Senior Trial Attorney <br> Attorney Bar No.: 6243855 (Illinois) <br><br> Attorneys for Plaintiff, **EDWARD C. HUGLER,** <br> Acting Secretary of Labor, <br> United States Department of Labor <br><br> Office of the Solicitor <br> U.S. Department of Labor <br> 230 South Dearborn Street, Suite 844 <br> Chicago, IL  60604 <br> Telephone: (312) 353-3481 <br> Fax: (312) 353-5698 <br> E-mail:sewell.margaret@dol.gov <br> Secondary email:  SOL-CHI@dol.gov |